## The Hahnemann Medical College and Hospital of Philadelphia v. Hubbard

*Jeffrey Freedman*, for plaintiff.
*Richard Weishaupt*, for defendant.

MONTEMURO, *A.J.*, January 18, 1978—This matter is before the court on defendant's preliminary objections to plaintiff's complaint in assumpsit based on defendant's objection to the manner of service employed by plaintiff.

We do not believe that it is necessary to address the issue of the propriety of the method of service employed but rather, this court believes it is interesting and important that the chronology of the events in this case be examined with a view toward reaching a proper disposition of same.

The complaint in assumpsit was filed on August 9, 1977, and served by registered mail on the Secretary of the Commonwealth on August 18, 1977, and, by the same means, on the nonresident defendant on August 19, 1977.

On September 2, 1977, counsel for defendant wrote to plaintiff's counsel requesting ". . . . a ten (10) day extension in the above matter." (See Exhibit A to plaintiff's answer in the nature of a motion to strike defendant's preliminary objections.)

On September 20, 1977, plaintiff's counsel responded to defendant's request and granted an extension until Friday, September 30, 1977, and stated:

"You have until the end of that day within which to file an answer to plaintiff's complaint. This extension of time has not been granted for the purpose of filing any other pleadings." (See Exhibit B of plaintiff's answer, etc.)

On September 26, 1977, defendant filed preliminary objections to plaintiff's complaint in assumpsit and on November 1, 1977, after various delays in service of same on plaintiff's counsel, plaintiff filed an answer to the preliminary objections and a motion to strike defendant's preliminary objections. .

It is significant that defendant's *requested* ten day extension would have expired on September 12, 1977, *fourteen days before defendant filed any pleading in this matter*.

The extension *granted* by plaintiff expired on September 30, 1977, *but this extension was for a limited purpose only*, and could not, in any way, be interpreted to permit defendant to file anything but an answer.

Rule 1026 of the Pennsylvania Rules of Civil Procedure makes clear that: "Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading. . ." and Rule 1003 provides that a waiver of this requirement may only be permitted by agreement of the parties or by the court on cause shown.

Pa.R.C.P. 201 requires such agreement to be in writing unless noted on the record in hearings in open court.

There is no evidence of the requirements of these rules being met in this record and it is impossible for this court to ascertain under what authority defendant filed the preliminary objections, which plaintiff promptly moved to strike.

Filing of same took place fourteen days after the extension requested by defendant's counsel would have elapsed, and the only extension agreed to by counsel for plaintiff was specific in scope and

limited solely to the filing of an answer.

It is clear that the complaint in this matter was in the hands of counsel for defendant no later than September 1, 1977, and, in the absence of an agreement by counsel or court granted extension, defendant was obliged, under the rules to file any subsequent pleading by September 8, 1977.

Plaintiff's counsel did not reply to defendant's request for extension until September 20, 1977, twelve days after defendant's pleading was required, and then granted only a limited extension. Notwithstanding any action or inaction by plaintiff, it is impossible for this court to understand why defendant did not do what was required of him by September 8, 1977, when no agreement between counsel was reached before that time.

Additionally, in this court's view, it seems reasonable to assume that lawyers, who are trained in the art and use of words should be able to make their intentions clear in their communications.

Defendant's letter requesting an extension, either purposely or inadvertently, omits any mention of counsel's intention if granted the extension. It seems to imply that an *answer* would be forthcoming by the statement:

"Rather than answer before I have spoken to my client, I would prefer a brief extension."

Otherwise, it is difficult to perceive how one could agree with defendant when he next says:

"I think such a procedure would be *mutually* beneficial." (Emphasis by the court.)

One can only conjecture how a belated attack on personal jurisdiction could be beneficial to plaintiff in this matter.

The decision made by this court is not unduly

124

harsh and does not fatally injure defendant in any way as all he will now be required to do is plead to plaintiff's complaint and raise whatever defenses are available to him. Defense counsel has already demonstrated its dedication to the protection of defendant's rights and we are satisfied that that dedication and vigor will continue in defendant's behalf.

Accordingly, in full consideration of the above and all of the other attendant facts in this matter, this court does not consider it necessary to even address the question of personal jurisdiction as it is our opinion that this issue has never been properly raised and is not properly cognizable.

On January 18, 1978, we entered the following

### ORDER

Defendant's preliminary objections are overruled, with leave to defendant to file an answer to plaintiff's complaint within 20 days from the date hereof.